IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1243-WYD-NYW

DEBRA TUCKER, as Personal Representative of the Estate of Esther Pauline Tucker,

    Plaintiff,

v.

HCRI SUN TWO BROOMFIELD CO SENIOR LIVING, LLC d/b/a SUNRISE AT FLATIRONS;
HCRI SUN TWO POOL ONE, LLC;
HCRI SL II TRS CORP.;
SUNRISE SENIOR LIVING MANAGEMENT, INC.; AND
BROOMFI~~LE~~LD CO SENIOR LIVING OWNER, LLC

    Defendants.

---

## PROTECTIVE ORDER

---

    Plaintiff Debra Tucker, as the Personal Representative of the Estate of Esther Pauline Tucker, and defendants HCRI SunTwo Broomfield CO Senior Living, LLC and Sunrise Senior Living Management, Inc. (collectively the "Parties") anticipate seeking and/or producing certain confidential information during discovery and that there may be questioning concerning that information in the course of depositions and other discovery. The Parties agree that the disclosure of such information outside the scope of this litigation could result in injury to their business or privacy interests. This Protective Order is designed to preserve the confidentiality of such information, expedite the production of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential.

    Therefore, it is, ORDERED that:

    1.    "Confidential Information" means any document (as that term is defined for purposes of Fed. .R. Civ. P. 34(a), and including any non-identical draft or copy as a separate document), hard or electronic files or any portion(s) thereof in any format, transcribed testimony, or responses to any discovery request made under the Federal Rules of Civil Procedure, including any extract, abstract, chart, summary, note, or copy, which is designated by one of the parties, or any third-party, in the manner provided in paragraph 2 below as containing confidential or proprietary information. Confidential Information shall not include any matter that is not already available outside of the present case, through lawful means, to the general public. This Protective Order shall apply to all Confidential Information.

1

2. Where Confidential Information is produced, provided or otherwise disclosed by a Party, it will be designated, <u>after a good faith review and certification by counsel of record that such information qualifies as confidential pursuant to Fed. R. Civ. P. 26(g),</u> in the following manner:

   a. By imprinting the word "Confidential" on the first page or cover of any document produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

   c. Regarding transcribed testimony, counsel shall provide written notice to opposing counsel designating specific portions of such testimony as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

3. All Confidential Information produced by a Party or designated transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed, provided, however, that there shall be no requirement to obtain an affidavit for those persons identified in paragraphs 7.a., 7.b., 7.c. and 7.e. of this Protective Order.

4. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

5. Certain documents with Confidential Information may also include information relating to other individuals or businesses that could be private to them and/or otherwise irrelevant to this lawsuit. The information contained therein could also be subject to other court orders or agreements, which require the redaction or removal of certain information. In such case, the Parties reserve the right to redact or remove such information from a document otherwise marked "Confidential."

6. The Party's counsel who discloses Confidential Information shall be responsible for obtaining and retaining the original affidavits in the form of Exhibit A, signed by qualified recipients of Confidential Information.

7. Confidential Information shall not be disclosed to any person or entity other than:

    a. This Court, court personnel, stenographic reporters and persons operating video recording equipment at depositions in this action;

    b. Corporate (in-house) and outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, secretaries, and other staff working under their supervision;

    c. Any third-party witness with prior knowledge of the information and/or prior or current possession of the documents to be disclosed;

    d. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") retained or employed by a party or its counsel to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence, as represented in Exhibit A;

    e. The Parties, deponents, witnesses, or potential witnesses; and

    f. Essential insurance representatives needed for claims evaluation. Prior to disclosure to any insurance representative, the insurance representative must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence, as represented in Exhibit A

  8. No copies of Confidential Information shall be made except by or on behalf of or at the direction of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

  9. During the pendency of this litigation, counsel shall retain custody of Confidential Information and may provide disclosure as permitted under this Order.

  10. If any counsel objects to the designation of certain information as Confidential Information, as soon as possible after determining that said designation is in error or inappropriate, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute, if any. If, after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion. <u>The party seeking the designation of Confidential Information bears the burden of establishing that the information should be protected.</u>

  11. In the event Confidential Information is used in any court filing or proceeding in this action other than use at trial for which the Court will provide instructions as to its use, <u>the Parties will comply with D.C.COLO.LCivR 7.2 to the extent that a party seeks for file any Confidential Information under restriction.</u> Nothing in this Order will be construed as an

<u>Order to restrict any Confidential Information.</u>  ~~it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will be filed under the status "restricted" as defined by the ECF system. The Court approves using the "restricted" filing status whenever Confidential Information is filed with the Court or is used in, quoted, or attached to briefs, motions, or other pleadings or papers filed with the Court~~.

12. The termination of this action shall not relieve the Parties, counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the protected nature of the documents produced subject to provisions of the Protective Order, their authenticity, or their admissibility.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall make available all Confidential Information provided subject to this Protective Order as well as copies not otherwise destroyed to the producing party at the offices of counsel to whom the Confidential Information was produced; provided, however, that counsel for each party may retain one copy of the Confidential Information as well as any annotated copies for the sole purpose of maintaining a complete file.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this <u>16th</u> day of <u>February</u> 201<u>6</u>~~5~~.

BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge